**E-FILED**
Tuesday, 22 July, 2014 05:20:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY FELTS, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-3156 |
| TRAVIS KIEM, et al., | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

The Court is working from Plaintiff's Amended Complaint.  Plaintiff essentially alleges that he was forced to perform demeaning acts for the purpose of humiliating Plaintiff and/or sexually gratifying Defendants.  These allegations clearly state a due process claim.  He may also be alleging that he was fired from his job in retaliation for his complaints about Defendants' actions or for trying to obtain help to stop Defendants' actions.  The retaliation claim will proceed for further development.

**IT IS ORDERED:**

1.   Plaintiff's petition to proceed in forma pauperis is granted
(2).  Pursuant to a review of the Complaint, the Court finds that Plaintiff states the federal constitutional claims as set forth above.  This case proceeds solely on said claims.   Any additional claims shall not be included in the case, except at the Court's discretion on

motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

12. **Plaintiff's motions to file an amended complaint are granted (10, 12). The clerk is directed to docket the amended complaint.**

13. **Plaintiff's motions to request counsel are denied (9, 11), with leave to renew after Plaintiff tries to obtain counsel on his own. Plaintiff should write to at least three law firms and attach their responses.**

14. **The clerk is directed to send this order and a copy of the amended complaint to the Director of the Rushville Treatment and Detention Facility.**

ENTERED:   July 22, 2014

FOR THE COURT:

                                               s/Sue E. Myerscough
                                               SUE E. MYERSCOUGH
                                            UNITED STATES DISTRICT JUDGE